IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

KYLE WICKS,

       Petitioner,                                    ORDER

v.

                                       Case No.  15-cv-542-wmc

JUDY P. SMITH,
Warden, Oshkosh Correctional
Institution,

       Respondent.

Petitioner Kyle Wicks filed a petition seeking a a writ of habeas corpus pursuant to 28 U.S.C. § 2254, on the grounds that: (1) his convictions for third-degree sexual assault and second-degree sexual assault violate double jeopardy; (2) he received ineffective assistance of trial counsel; and (3) he should be resentenced due to these improper convictions.  Consistent with an order by this court, respondent filed an answer on May 23, 2016, asserting that the state court decisions rejecting these same assertions were not contrary to, nor an unreasonable application of, federal law.  (Dkt. #15.)  The deadline for Wicks' brief in support of his petition was set then for June 22, 2016, but on June 24, 2016, petitioner filed three motions: (1) a Motion for to Proceed in State Court to Exhaust (dkt. #18); (2) a Motion to Stay (dkt. #19); and (3) a Motion for Extension of Time (dkt. #17).  Construing his motion to proceed in state court as a motion to amend his petition, the court will grant that motion, as well as the motion to stay, rendering his request for additional time moot.

In his request to proceed in state court to exhaust, Wicks states that he recently learned of several, additional issues on which he would like to proceed in his current petition.  Specifically, Wicks wishes to add claims that his trial and appellate counsel were ineffective in

1

the following ways: (1) trial counsel erroneously advised him to proceed to trial rather than accept a plea offer; (2) trial counsel failed to investigate the facts of the case; (3) trial counsel should have been knowledgeable of a relevant Wisconsin Court of Appeals decision; (4) trial counsel's errors denied his Sixth Amendment right to counsel; (5) trial counsel failed to object to the additional count in the amended information as "multiplicitous"; (6) trial counsel failed to request a cautionary jury instruction; (7) trial counsel failed to prepare a witness list for trial; (8) trial counsel failed to object to erroneous jury instructions, as well as failed to prepare or suggest proper jury instructions; (9) trial counsel failed to request an independent DNA examination; and (10) appellate counsel was deficient in failing to raise all the ways in which trial counsel was ineffective.

Wicks further seeks to excuse his failure to assert these issues earlier due to mental health issues. Specifically, during his appeal, he reports being held at the Wisconsin Resource Center ("WRC") and suffering from Post-Traumatic Stress Disorder ("PTSD") and other severe mental illness. Wicks states that since he has been transferred to the Oshkosh Correctional Institution ("OCI") and has the help of a jailhouse lawyer, he would like to pursue these claims in state court for exhaustion purposes. In the meantime he is also seeking a stay of this matter. Construing these two motions as a request to amend and stay his petition while he pursues his unexhausted claims, the court will grant both.

Under *Rhines v. Weber*, 544 U.S. 269, 277 (2005), courts may stay a so-called "mixed petition," -- a petition containing both exhausted and unexhausted claims -- in situations in which outright dismissal of the petition could jeopardize the petitioner's ability to file a timely habeas petition on the unexhausted claims later. *Id.* at 275. Such a stay is available if there was

2

a good cause for petitioner's failure to exhaust his claims in state court in the first place, the unexhausted claims are not plainly meritless, and the petitioner does not appear to be engaged in abusive litigation tactics or intentional delay.  In general, courts have found that a petitioner's right to federal review is not at risk when he has at least 60 days remaining on his federal clock within which to initiate the state court exhaustion process and return to federal court after completing it.  *Crews v. Horn*, 360 F.3d 146, 154 (3d Cir. 2004) (petitioner ought to be able to file application for state post conviction relief within 30 days and return to federal court within 30 days after state court exhaustion is completed); *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (same); *Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir. 2001) (same).

Here, Wicks was found guilty of one count of second-degree sexual assault - unconscious victim in violation of Wis. Stat. § 940.225(2)(d), and one count of third-degree sexual assault in violation of Wis. Stat. § 940.225(3).  On June 10, 2013, Wicks' counsel filed an appeal raising three issues: (1) Wicks' convictions violated double jeopardy; (2) trial counsel was ineffective for failing to object to the amended information that charged Wicks with both crimes; and (3) Wicks should be resentenced.  On December 12, 2013, the Wisconsin Court of Appeals affirmed Wicks' convictions and denied his motion for postconviction relief, concluding that: (1) his convictions did not violate double jeopardy; (2) his trial counsel was thus not ineffective; and (3) he did not need to be resentenced.  *State of Wisconsin v. Wicks*, 2013 WI App 16, 352 Wis. 2d 574 (Dec. 12, 2013).  One January 13, 2014, Wicks attorney submitted a petition for review with the Wisconsin Supreme Court, raising the same issues that were before the Wisconsin Court of Appeals.  On June 12, 2014, the Wisconsin Supreme Court denied Wicks' petition for review. *State of Wisconsin v. Wicks*, 2014 WI 50, 354 Wis. 2d 863 (June 12, 2014).  This decision thus

3

became final on September 10, 2014; and so Wicks had until September 10, 2015, to timely file his habeas petition.

Wicks' petition was timely when he filed it, but if this court were to dismiss his petition now, any subsequently filed petition would likely be deemed untimely because his statute of limitations has run. Accordingly, the court will stay this proceeding for six months to allow Wicks to exhaust his additional claims.

IT IS ORDERED that:

1. Petitioner Kyle Wicks' motion to proceed in state court to exhaust (dkt. #18) is GRANTED.

2. Petitioner's motion to stay (dkt. #19) is GRANTED. This action is stayed so that Wicks can return to state court and exhaust his additional claims.

3. Petitioner's motion for extension of time (dkt. #17) is DENIED as moot.

4. The clerk of court is directed to administratively close this case until petitioner moves to reopen or six months lapses.

5. Failure of petitioner to move to reopen within six months will result in dismissal of this case.

Entered this 31st day of March, 2017.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge